# UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-b-06169 |
| | ) | |
| **Lynda Fay Layton,** | ) | Hon. Jack B. Schmetterer |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |

## NOTICE OF MOTION

To: **Lynda Fay Layton**, PO Box 331, Forest Park, IL 60130
**Tom Vaughn**, Standing Trustee, 55 E. Monroe, Suite 3850, Chicago, IL 60604*
**Patrick S. Layng**, Office of the United States Trustee, 219 South Dearborn Street, Suite 873, Chicago, IL 60604*

PLEASE TAKE NOTICE that on **Wednesday, June 26, 2019 at 11:00 a.m.,** we will appear before the Honorable Jack B. Schmetterer or such other Judge as may be presiding in that Judge's stead, in Courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and present our **Motion to Withdraw as Attorney,** a copy of which is attached hereto and served upon you herewith.

Date: June 20, 2019                **Justin R. Storer**
                        By:   /s/ Justin R. Storer

Justin R. Storer (ARDC # 6293889)
Lakelaw
53 W. Jackson, Suite 1115
Chicago, IL 60604
312.662.5757
jstorer@lakelaw.com

## CERTIFICATE OF SERVICE

On June 20, 2019, the undersigned certifies that on this date, he caused a copy of the above document to be served upon each person shown on the within Notice, by United States Mail, with postage prepaid, at Chicago, Illinois. Those marked with an * were served via the Court's ECF System. The Debtor was additionally served via email to the email address with which she and the undersigned regularly communicate.

                         /s/ Justin R. Storer

## UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-b-06169 |
| | ) | |
| Lynda Fay Layton, | ) | Hon. Jack B. Schmetterer |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |

### MOTION TO WITHDRAW AS ATTORNEY

Justin Storer hereby moves for the entry of an order granting him authorization to withdraw from his representation of the Debtor and in support of this Motion, states the following:

### I.     JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1408.

2. By Internal Operating Procedure 15 and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

### II.    FACTUAL AND PROCEDURAL BACKGROUND

3. Justin Storer filed a chapter 13 petition on the Debtor's behalf on March 7, 2019 (the "Petition Date").

4. Since the Petition Date, a meeting of creditors has been conducted, and extensive negotiation has been undertaken with creditors and their counsel, in the effort of confirming a chapter 13 plan.

### III.   REQUESTED RELIEF

5. Justin Storer requests that this Court enter an order authorizing his withdrawal as attorney of record for the Debtor.

### IV. BASIS FOR REQUESTED RELIEF

6. Under Local Rule 83.50 of the Northern District for Illinois, applicable disciplinary rules for attorneys in the Northern District of Illinois Bankruptcy Court are the Model Rules adopted by the American Bar Association.

7. Rule 1.16(b)(1) of the ABA Model Rules of Professional Conduct specifies that a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client.

8. Rule 1.16(b)(6) of the ABA Model Rules of Professional Conduct specifies that a lawyer may withdraw from representing a client if the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

9. Rule 1.16(b)(7) of the ABA Model Rules of Professional Conduct specifies that a lawyer may withdraw if other good cause for withdrawal exists.

10. Under this Court's Local Rule 2091-1, an attorney of record may not withdraw without first obtaining leave of Court by motion.

11. The undersigned hopes that the opportunity to consult with new counsel would lead to Ms. Layton's being able to confirm a chapter 13 plan that overcomes or resolves certain objections, in a manner Ms. Layton finds satisfactory.

12. Justin Storer submits that Rules 1.16(b)(1), (b)(6), and (b)(7) are satisfied in this instance.

### V. NOTICE

13. Notice of this Motion has been provided to the Debtor, the Office of the United States Trustee, the Standing Trustee, and all parties who have requested or receive notice through

CM/ECF. In light of the nature of the relief requested, the undersigned requests that this Court find the notice sufficient under the circumstances and waive with any further notice requirements.

**WHEREFORE**, Justin R. Storer respectfully requests that the Court enter an order authorizing him to withdraw from his representation of the Debtor in the above-captioned case, and entering such further relief as this Court may deem just and proper.

Date: June 20, 2019            **Justin R. Storer**
                                By: ＿/s/ Justin R. Storer＿＿＿＿＿＿＿＿

Justin R. Storer (ARDC # 6293889)
Lakelaw
53 W. Jackson, Suite 1115
Chicago, IL 60604
312.662.5757
jstorer@lakelaw.com